Nos. 25-8059, 26-508

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

ENVIRONMENTAL DEFENSE CENTER,
GET OIL OUT!, SANTA BARBARA
COUNTY ACTION NETWORK, SIERRA
CLUB, SANTA BARBARA
CHANNELKEEPER, CENTER FOR
BIOLOGICAL DIVERSITY, and
WISHTOYO FOUNDATION,

                                  *Petitioners,*

v.

U.S. DEPARTMENT OF TRANSPORTATION,
SEAN DUFFY, in his official capacity as
Secretary of the U.S. Department of
Transportation, PIPELINE AND
HAZARDOUS MATERIALS SAFETY
ADMINISTRATION, and PAUL ROBERTI,
in his official capacity as Administrator of
the Pipeline and Hazardous Materials
Safety Administration,

                                  *Respondents,*

and

SABLE OFFSHORE CORP. and PACIFIC
PIPELINE COMPANY,

                                  *Respondent-Intervenors.*

---

**RESPONDENT-INTERVENORS' CONSOLIDATED OPPOSITION TO
PETITIONERS' MOTIONS TO COMPLETE AND SUPPLEMENT THE
ADMINISTRATIVE RECORD AND FOR JUDICIAL NOTICE**

James W. Noe
jim.noe@hklaw.com
Rafe Petersen
rafe.petersen@hklaw.com
Ashley Akers
ashley.akers@hklaw.com
**HOLLAND & KNIGHT LLP**
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Tel: (202) 469-5525

Nicholas McDaniel
nmcdaniel@babstcalland.com
Lucille E. Wiesner
lwiesner@babstcalland.com
**BABST CALLAND CLEMENTS AND ZOMNIR, P.C.**
505 9th Street NW, Suite 602
Washington, DC 20004
Tel: (202) 853-3455

Jessica Stebbins Bina
jessica.stebbinsbina@lw.com
**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5525

*Attorneys for Respondent-Intervenors*
*Sable Offshore Corp. and Pacific Pipeline Company*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

BACKGROUND .................................................................................................2

STANDARD OF REVIEW ..................................................................................3

    I.      Completing the Record...............................................................................4

    II.     Supplementing the Record..........................................................................5

    III.   Judicial Notice ...........................................................................................6

ARGUMENT .......................................................................................................7

    I.      Completing the Record...............................................................................7

        A.   Environmental Petitioners' theory that PHMSA considered unadjudicated complaints is unsupported and improper. ......................................................7

        B.   Environmental Petitioners' additional documents fail to satisfy the standard for completing the administrative record. ...........................................8

    II.     Supplementing the Record..........................................................................10

        A.   Environmental Petitioners' "expert" declarations improperly seek to second-guess PHMSA's technical judgment post-hoc......................................11

        B.   Environmental Petitioners' production and export documents invite the Court to reweigh PHMSA's policy judgment. .................................................12

        C.   Environmental Petitioners' environmental documents are immaterial to the PHMSA Letters and Actions. ...........................................................................13

        D.   Environmental Petitioners' public interest documents merely reflect policy disagreement, not agency error. ......................................................................14

        E.   Environmental Petitioners' facility description documents are unnecessary for the Court to evaluate PHMSA's Letters and Actions. ...............................15

    III.   Judicial Notice ...........................................................................................16

CONCLUSION....................................................................................................19

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*California v. U.S. Dep't of Labor*,
   No. 2:13-cv-02069, 2014 WL 1665290 (E.D. Cal. Apr. 24, 2014)......................5

*Camp v. Pitts*,
   411 U.S. 138 (1973)...............................................................................................3

*Carlsson v. U.S. Citizenship & Immigration Servs.*,
   No. 2:12-cv-07893,2015 WL 1467174 (C.D. Cal. Mar. 23, 2015)......................5

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
   401 U.S. 402 (1971) (abrogated on other grounds by *Califano v.
   Sanders*, 430 U.S. 99 (1977)) ............................................................................3, 4

*Cook Inletkeeper v. EPA*,
   400 F. App'x 239 (9th Cir. 2010) ..........................................................................4

*Fla. Power & Light Co.*,
   470 U.S. 729 (1985)............................................................................................3, 4

*Gill v. U.S. Dep't of Justice*,
   No. 14-3120, 2015 WL 9258075 (N.D. Cal. Dec. 18, 2015) ...............................4

*Goffney v. Becerra*,
   995 F.3d 737 (9th Cir. 2021) ...............................................................4, 5, 7, 8

*In re Heritage Bond Litig.*,
   No. CV 02-2745 DT, 2003 WL 27386852 (C.D. Cal. Jan. 27,
   2003) .......................................................................................................................6

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) .....................................................................6, 16, 18

*Lands Council v. Forester of Region One of the U.S. Forest Serv.*,
   395 F.3d 1019 (9th Cir. 2005) .......................................................................*passim*

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) .........................................................................16, 18

ii

*M/V Am. Queen v. San Diego Marine Const. Corp.*,
708 F.2d 1483 (9th Cir. 1983) ....................................................6, 16, 18

*Morgan v. United States*,
304 U.S. 1 (1938)....................................................................................4

*N.W. Envtl. Advocates v. Natl. Marine Fisheries Serv.*,
460 F.3d 1125 (9th Cir. 2006) ..........................................................4, 11

*Portland Audubon Soc'y v. Endangered Species Comm.*,
984 F.2d 1534 (9th Cir. 1993) ............................................................4, 7

*San Luis & Delta-Mendota Water Auth. v. Locke*,
776 F.3d 971 (9th Cir. 2014) ......................................................5, 10, 11

*Thompson v. Dep't of Labor*,
885 F.2d 551 (9th Cir. 1989) ..................................................................3

**Statutes**

5 U.S.C. § 706....................................................................................3

**Other Authorities**

Fed. R. Evid. 201(b)(2) ..............................................................6, 16, 17, 18

**INTRODUCTION**

Petitioners, Center for Biological Diversity, et al. ("Environmental Petitioners") and the State of California ("the State") (together, "Petitioners"), improperly seek to substantially expand the administrative record through a combination of purported record completion, supplementation, and judicial notice. *See* Dkts. 55.1, 56.1. Petitioners propose supplemental materials that have minimal relevance to the matters currently before the Court, seeking to utilize the administrative record to advance their litigation objectives. This is contrary to the limited scope of review under the Administrative Procedure Act ("APA"). APA review requires the Court to judge the agency's action based on the agency's stated rationale. The agency's alleged intent and possible mental processes are not relevant to determining the validity of an agency's action. Nor are the subjective opinions of others.

In the same vein, both parties misuse judicial notice by seeking to admit voluminous pages of purported "administrative agency and judicial records" and ask the Court to accept the truth of any fact set forth within these extra-record documents. Judicial notice cannot be used as a vehicle to smuggle disputed facts into the administrative record.

Respondent-Intervenors Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") respectfully request that this Court enter an order denying, in

1

part, Environmental Petitioners' and the State's motions in order to prevent improper expansion of the administrative record and striking such impermissible references from Petitioners' respective opening briefs.

## BACKGROUND

Petitioners seek judicial review of three agency actions related to the Pipeline and Hazardous Materials Safety Administration's ("PHMSA") regulation of Sable's pipeline operations: (1) the December 17, 2025 Interstate Letter; (2) the December 22, 2025 Restart Plan Letter; and (3) the December 23, 2025 Emergency Special Permit ("ESP") (collectively, the "PHMSA Letters and Actions"). The administrative record was made available to the parties on January 13, 2026 ("Record"). Dkt. 25. Several weeks later, on March 23, 2026, Petitioners filed Motions to Complete or Supplement the Record and for Judicial Notice. Dkts. 55.1, 56.1. The State seeks to "complete" the Record with four documents and asks the Court to take judicial notice of four additional documents. Dkt. 55.1. Environmental Petitioners seek to "complete" the Record with ten documents, to supplement the Record with extra-record evidence including three "expert" declarations [1] and fourteen additional documents,[2] and to take judicial notice of four documents; or in

---

[1] Environmental Petitioners seek to introduce four declarations, one for authentication purposes and three as "expert" declarations.

[2] Environmental Petitioners request the Court supplement the Record with "Documents 4, 13, 15–16, 18, 19–21, and 24–29." Dkt. 56.1 at 9. *However, there is*

2

the alternative should the Court reject its request to complete and supplement the Record, to take judicial notice of all twenty-eight documents. Dkt. 56.1.

## STANDARD OF REVIEW

Review under the APA is confined to the administrative record. Under the APA, "[t]he task of the reviewing court is to apply the . . . APA standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co.*, 470 U.S. 729, 743–44 (1985) (citation omitted); *see also* 5 U.S.C. § 706. The administrative record consists of documents "on which the administrative decision was based" and includes "all documents and materials directly or indirectly considered by agency decision-makers" in making the decision. *Thompson v. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (internal quotations omitted). The relevant record is the one that exists "at the time [the Administrator] made his decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977)). That record, rather than "some new record made initially in the reviewing court," is the "focal point" for judicial review. *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The

---

**no Document 29.** Further, Environmental Petitioners request supplementing the Record with Document 23, Dkt. 56.1 at 15, but they do not indicate this request in the preceding quotation.

3

agency action "must . . . stand or fall on the propriety of [the agency's] finding[s]" in the contemporaneous explanation supporting that action. *Id.* at 142–43.

An agency's certified record is entitled to a presumption of regularity, and a party seeking to add materials bears the burden of overcoming that presumption with clear evidence. *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021); *Overton Park*, 401 U.S. at 415; *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010). And courts are prohibited from considering "extra-record evidence to determine the correctness or wisdom of the agency's decision." *N.W. Envtl. Advocates v. Natl. Marine Fisheries Serv.*, 460 F.3d 1125, 1144 (9th Cir. 2006). Ultimately, it is "not the function of the court to probe the mental processes" of the agency. *Morgan v. United States*, 304 U.S. 1, 18 (1938). Such inquiry "is usually to be avoided" absent a "strong showing of bad faith or improper behavior." *Overton Park*, 401 U.S. at 420. Where the Court cannot evaluate the action based on the record before it, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light*, 470 U.S. at 744.

## I.    **Completing the Record**

A motion to complete the record may be granted only if "the agency has relied on documents or materials not included in the record." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). A party seeking to add materials to the record must identify "reasonable, non-speculative grounds

for the belief that documents were considered by the agency and not included in the record." *Gill v. U.S. Dep't of Justice*, No. 14-3120, 2015 WL 9258075, at *6 (N.D. Cal. Dec. 18, 2015). While this Circuit has not adopted an evidentiary standard for demonstrating that the agency relied on such materials beyond "clear evidence," several district courts in this Circuit require "concrete evidence" that the record is incomplete. *See, e.g., Carlsson v. U.S. Citizenship & Immigration Servs.*, No. 2:12-cv-07893,2015 WL 1467174 (C.D. Cal. Mar. 23, 2015), at *7; *California v. U.S. Dep't of Labor*, No. 2:13-cv-02069, 2014 WL 1665290 (E.D. Cal. Apr. 24, 2014), at *5. Mere "speculation that the agency must have considered more documents than it said it had" is insufficient to overcome the presumption that the agency properly designated the administrative record. *Goffney*, 995 F.3d at 748.

## II. <u>Supplementing the Record</u>

A motion to supplement the administrative record is granted only in limited circumstances: (1) when necessary to determine "whether the agency has considered all relevant factors and has explained its decision"; (2) when necessary to determine whether "the agency has relied on documents not in the record"; (3) "when supplementing the record is necessary to explain technical terms or complex subject matter"; or (4) upon a strong showing of agency bad faith. *Lands Council v. Forester of Region One of the U.S. Forest Serv.*, 395 F.3d 1019, 1030 (9th Cir. 2005) (hereinafter, "*Lands Council* exceptions"). The party seeking to admit extra-record

5

evidence "bears the burden of demonstrating that a relevant exception applies." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014).

## III.   Judicial Notice

The Federal Rules of Evidence provide that courts may take judicial notice of a fact if it "is not subject to reasonable dispute because . . . it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). But a court must not take judicial notice "so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). "[J]ust because the document is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). That is, a court may take judicial notice that a document exists, but Petitioners may not rely on the facts therein unless such facts are indisputable. *See In re Heritage Bond Litig.*, No. CV 02-2745 DT (AJWX), 2003 WL 27386852, at *4 (C.D. Cal. Jan. 27, 2003) (taking judicial notice of the "existence of the document and its content but not as to its accuracy or application.")

6

**ARGUMENT**

## I.  <u>Completing the Record</u>

The State seeks to complete the record with four documents, which Sable does not dispute. Environmental Petitioners seek to complete the record with ten documents, and Sable disputes nine of the ten. Completing the record is permitted only when a petitioner provides clear, concrete evidence that the agency actually relied on materials omitted from the certified record. *See Portland Audubon Soc'y*, 984 F.2d at 1548. This Court requires more than speculation or conjecture to justify record completion. *See Goffney*, 995 F.3d at 748. Both Petitioners fall short of that burden here.

### A.  **Environmental Petitioners' theory that PHMSA considered unadjudicated complaints is unsupported and improper.**

Environmental Petitioners' conclusory assertion that the complaints (Docs. 8 (1-PSE-130–194), 9 (1-PSE-195–219), and 10 (1-PSE-220–224)), "were likely considered by PHMSA" falls far short of what is required to justify their admission to complete the Record. Dkt. 56.1 at 9.

First, Environmental Petitioners provide no evidence, whether direct or circumstantial, that PHMSA reviewed, relied on, or even possessed these documents. Environmental Petitioners offer only a chain of conjecture: these other proceedings "prohibited or frustrated Sable's efforts to restart" which allegedly prompted Sable to turn "to PHMSA with specific requests that it intervene and circumvent state

7

authority," and, therefore either "Sable made PHMSA aware of each of these documents" or "the agency was otherwise aware" of them. *Id.* at 8–9. None of this speculation about the "impetus" of agency action, *id.* at 9, establishes that PHMSA actually possessed or considered the proffered documents when issuing the challenged PHMSA Letters and Actions. Petitioners' stated theory depends entirely on assumptions about what PHMSA "likely" considered or what PHMSA "must have" known. This is precisely the type of speculation courts reject. Such conjecture cannot justify expanding the Record. *Goffney*, 995 F.3d at 748.

Furthermore, Environmental Petitioners seek to rely on the contents of the proffered complaints as if they are proven fact. This is impermissible. For example, in its opening brief, Environmental Petitioners cite to Doc. 8 to support an assertion that certain impacts are not speculative but are "well-documented." Dkt. 53.1 at 66. Allegations made in a complaint are untested assertions of an aggrieved party's position. Even if the complaint did allege certain impacts, it cannot be said that such alleged impacts are "well-documented" expressions of fact. Environmental Petitioners' reliance on a complaint's allegations as if they are true is improper.

Because Environmental Petitioners identify no concrete basis to conclude that PHMSA considered these unadjudicated complaints, their request to complete the Record with Docs. 8–10 should be denied.

**B.     Environmental Petitioners' additional documents fail to satisfy the standard for completing the administrative record.**

8

Environmental Petitioners' attempt to complete the record with Docs. 5 (1-PSE-58-123), 6 (1-PSE-124), 11 (1-PSE-225–241), 12 (2-PSE-243–250), 14 (2-PSE-254–256), and 17 (2-PSE-262–267) fares no better. Environmental Petitioners make the conclusory assertion that the documents were "directly or indirectly considered [by the agency] to make its findings." Dkt. 56.1 at 6. Speculation that these documents were more than likely before the agency simply because they existed prior to the agency's actions is not evidence that the documents were in fact considered. What's more, Environmental Petitioners do not attempt to make this demonstration for each document they seek to add to the Record, instead simply describing in general terms what the records are. Environmental Petitioners cannot be permitted to expand the Record based on general claims that the documents existed at the time the agency made its decision and therefore would have been considered.

In addition, some of Environmental Petitioners' proffered documents post-date the challenged PHMSA Letters and Actions, and, therefore, could not have been considered by the agency. For example, Doc. 5 is a Santa Barbara Board Action letter dated December 23, 2025,[3] which post-dates the Interstate Letter and Restart Plan

---

[3] Environmental Petitioners state in their Motion and accompanying Index that the letter is dated December 16, 2025. Dkt. 56.1 at 7; 56.3 at 2. ***That is simply incorrect***. The document is clearly dated December **23**, 2025. *See* 1-PSE-58.

Letter and was issued on the same day as the ESP, making it very unlikely that it was before the agency – let alone relied upon by the agency – at the time that the PHMSA Letters and Actions were issued. Environmental Petitioners cannot, and indeed make no attempt to, overcome this clear conflict of timing.

## II.   Supplementing the Record

Environmental Petitioners invoke the first and third *Lands Council* exceptions to request admission of three "expert" declarations and fourteen additional documents, asserting that supplementation is needed to show (1) that PHMSA failed to consider "critical factors" and (2) to "explain technical terms and complex subject matter." Dkt. 56.1 at 2–3. Sable objects to this request in its entirety.

Environmental Petitioners contend that because the PHMSA Letters and Actions were issued on an emergency basis without a public process, Petitioners and the public were deprived of an opportunity to submit information – that is, they would have submitted them if only they could have. *Id.* at 3. Setting aside the fact that no public process was required for the PHMSA Letters and Actions at issue, these arguments do not satisfy the narrow circumstances under which courts permit supplementation of the Record. Under the first and third *Lands Council* exceptions, expanding the Record is only appropriate when necessary to evaluate the sufficiency of the agency's consideration and to explain technical or complex subject matter. *Locke*, 776 F.3d at 992 (quoting *Lands Council*, 395 F.3d at 1030). There are no

10

carve-outs relating to an alleged lack of public participation. Simply pointing to the absence of a public comment period or speculating that additional information "should have" been considered is not enough, particularly when extra-record evidence is impermissibly offered to challenge the "correctness or wisdom of the agency's decision." *N.W. Envtl. Advocates,* 460 F.3d at 1144.

### A. Environmental Petitioners' "expert" declarations improperly seek to second-guess PHMSA's technical judgment post-hoc.

Relying on the first *Lands Council* exception, Environmental Petitioners seek to supplement the record with declarations from three purported "experts" in various fields: (1) Clayton Bodell, "a pipeline safety expert," Dkt. 56.6; (2) Paasha Mahdavi, "an expert in energy economics, statistics and global energy policy," Dkt. 56.8; and (3) Lawrence Hunt, "a herpetologist by training and a consulting biologist," Dkt. 56.7. Environmental Petitioners contend that these untested declarations are necessary to show that PHMSA failed to consider relevant factors or adequately justify the PHMSA Letters and Actions.

Courts in this Circuit have repeatedly rejected attempts to supplement the administrative record with declarations or affidavits when used in this manner. *See N.W. Envtl. Advocates*, 460 F.3d 1125, 1144 (affirming the striking of a declaration because "consideration of extra-record evidence to determine the correctness . . . [or] wisdom of the agency's decision is not permitted."); *Locke*, 776 F.3d at 993 (district court abused its discretion "[b]y admitting [expert] declarations and relying on them

11

to question the wisdom of [agency's] judgments"). The declarations, classified by Environmental Petitioners as "expert declarations," Dkt. 56.1 at 1, attempt to do just that – displace PHMSA's expertise with Environmental Petitioners' preferred authorities. Consequently, they must be excluded from consideration.

### B. Environmental Petitioners' production and expert documents invite the Court to reweigh PHMSA's policy judgment.

Relying on the first *Lands Council* exception, Environmental Petitioners attempt to introduce Docs. 15 (2-PSE-257–259), 16 (2-PSE-260–261), and 19 (2-PSE-273–274) by arguing that they "are necessary to demonstrate that PHMSA failed to consider relevant factors or adequately explain its decision that there is an ongoing energy emergency justifying the Approvals." Dkt. 56.1 at 12.

In requesting admission of Docs. 15, 16, and 19, Environmental Petitioners are requesting that the Court second guess PHMSA's emergency determination based on extra-record data concerning national crude oil and liquefied natural gas production and export trends. Dkt. 56.1 at 12. But disagreement with the agency's justification of an action does not establish that PHMSA failed to consider a relevant factor in taking action. And Environmental Petitioners ignore that PHMSA was acting pursuant to express presidential directives to address an ongoing national energy emergency, a context that further underscores the policy-laden nature of the agency's determination. Because Docs. 15, 16, and 19 are offered solely to

12

undermine PHMSA's policy judgment – not to fill a gap in the Record – they fall outside the narrow *Lands Council* exception.

### C. Environmental Petitioners' environmental documents are immaterial to the PHMSA Letters and Actions.

Relying on the first *Lands Council* exception, Environmental Petitioners attempt to introduce Docs. 20 (2-PSE-275–279) and 25 (2-PSE-341–358), asserting that supplementation of the Record is warranted because the documents demonstrate "unassessed environmental impacts of and alternatives to restart of the Onshore Pipelines." Dkt. 56.1 at 14.

Environmental Petitioners' reliance on Docs. 20 and 25 fails because those materials do not bear on any issues that PHMSA was required to consider in the challenged actions. Docs. 20 and 25 consist of environmental analyses prepared in 1984 and 2022 for pipeline construction, replacement projects, or spill response efforts – distinct actions governed by different statutory and regulatory frameworks all of which they are challenging in other forums. The mere existence of those analyses does not establish that PHMSA was required to consider Docs. 20 or 25 when issuing the challenged PHMSA Letters and Actions. The "critical factors" *Lands Council* exception does not permit supplementation merely because a petitioner believes the agency should have conducted a broader environmental or alternatives analysis. That exception is narrow and applies only where the extra-record material demonstrates that the agency omitted consideration of factors it was

13

legally required to evaluate – not where petitioners seek to question the wisdom of the agency's analysis. *Lands Council*, 395 F.3d at 1030. To admit Docs. 20 and 25 would invite the Court to assess the adequacy of PHMSA's judgment with a record created in hindsight, a role the Ninth Circuit has squarely rejected.

**D.**      **Environmental Petitioners' public interest documents merely reflect policy disagreement, not agency error.**

Relying on the first *Lands Council* exception, Environmental Petitioners attempt to introduce Docs. 4 (1-PSE-57), 13 (2-PSE-251–253), and 21 (2-PSE-280–283), asserting that these documents are necessary to demonstrate PHMSA failed to "adequately analyze and consider the public interest when issuing the Approvals." Dkt. 56.1 at 14. However, Environmental Petitioners make no attempt to demonstrate why they are necessary for the Court's review other than the broad statement that they are related to "public interest."

Environmental Petitioners create a false and subjective standard of what they believe the agency should have considered – regardless of the adequacy of the agency's review – and then attempt to rely on that false standard to justify supplementation with their preferred documents. Environmental Petitioners rely on these documents solely to argue how they believe the public interest should have been weighed, not to show that PHMSA failed to consider any required factor.

For example, in their opening brief, Environmental Petitioners use Doc. 4, which shows a snippet of information from the California Air Resources Board's

14

Pollution Mapping Tool, to argue that issuance of the ESP was not in the public interest. Dkt. 53.1 at 59. That is an opinion of Environmental Petitioners as to *how* a particular fact should have been weighed by the agency; not an indication that the agency did not consider it.

Environmental Petitioners are improperly invoking supplementation to garner facts in their favor and paint the agency decisions in unfavorable light without any regard for the purpose and limitations by which supplementing a record is strictly bounded. This use is improper and does not justify supplementing the record.

> **E. Environmental Petitioners' facility description documents are unnecessary for the Court to evaluate PHMSA's Letters and Actions.**

Relying on the third *Lands Council* exception, Environmental Petitioners attempt to introduce Docs. 18 (2-PSE-268–272), 23 (2-PSE-295–331), 24 (2-PSE-332–340), 26 (2-PSE-359–360), 27 (2-PSE-361–381), and 28 (2-PSE-382–398), asserting they are necessary to "describe various parts of the []Facilities." Dkt. 56.1 at 15. However, Docs. 24, 26, 27, and 28 are nearly, if not more than, 40 years old. It is difficult to fathom how such dated documents could be "necessary" for facility descriptions, as supplements to the Record that PHMSA has certified. The Record already includes documents that provide sufficient technical information concerning the pipeline. *See, e.g.,* 000922-937, 000942-983, 000990-992. There is no basis for

accepting Environmental Petitioners' efforts to unnecessarily introduce voluminous extra-record documents that add little value to the issues before this Court.

Doc. 18, while more recent, is similarly unnecessary to understand the current state of the facilities and technical matters. Doc. 18 is a draft permit to operate, issued by the Santa Barbara County Air Pollution Control District. Environmental Petitioners do not meet their burden to show that this draft permit is somehow necessary to understand the current state of facilities or relevant technical matters.

Environmental Petitioners have failed to meet their burden to show that the agency failed to consider "critical factors" in issuing the challenged PHMSA Letters and Actions, or that their proffered exhibits are necessary to "explain technical terms and complex subject matter." Accordingly, Environmental Petitioners' request to supplement the record with unnecessary extra-judicial documents should be rejected.

## III. Judicial Notice

Judicial notice is strictly limited to facts that are truly beyond reasonable dispute and can be verified from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Although courts may take notice of the *existence* of public records or the occurrence of official proceedings, they may not judicially notice *the truth of disputed factual assertions*, characterizations, or conclusions contained in those materials. *Khoja*, 899 F.3d at 999; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Judicial notice cannot be used to supply

16

contested facts or to circumvent the administrative record limitation. *M/V Am. Queen*, 708 F.2d at 1491.

Both the State and Environmental Petitioners disregard this settled distinction. Their requests go well beyond noticing the existence of court filings or agency actions and instead attempt to cherry pick facts from the substantive contents of those materials to establish disputed facts, draw contested inferences, and introduce extra-record material. Rule 201 does not permit that use, and the Court should deny Petitioners' requests except where notice is limited to the undisputed fact that a document exists or an event occurred.

The State requests judicial notice of four documents (1-CalPSE-1–48, 1-CalPSE-58–81, 1-CalPSE-153–176, 1-CalPSE-82–152). [4] Dkt. 55.1 at 16–17. Environmental Petitioners likewise request judicial notice of four documents (Docs. 1–3, 22) and alternatively ask the Court to judicially notice all twenty-eight documents if their request to complete and supplement the Record is denied. Dkt. 56.1 at 17. As summarized below, Sable objects to Petitioners' request for judicial notice of 1-CalPSE-1–48, 1-CalPSE-58–81, 1-CalPSE-153–176, and 1-CalPSE-82–152 and Docs. 1, 5, 8–10, 12–17, 19–23, 25, and 28 except to the extent properly

---

[4] The State also requests Judicial Notice of 1-CalPSE-56-57, 1-CalPSE-52-55, and 1-CalPSE-177-82 in the alternative if the Court declines to admit the documents to complete the record. However, because Sable does not dispute their admission, they are not referenced here.

17

limited to the undisputed existence of a document or the occurrence of an official action.

Petitioners rely on unadjudicated complaints (1-CalPSE-1–48; Docs. 8–10), preliminary agency staff materials (1-CalPSE-58–81; Doc. 12), reports and assessments (Docs. 14, 21), orders (Docs. 13, 17), regulatory filings and agency materials (1-CalPSE-153–176; Docs. 5, 15, 16, 19, 20, 22), historical planning materials (Docs. 23, 25, 28), and other non-final documents (1-CalPSE-82–152; Doc. 1) to draw substantive conclusions about PHMSA's decision-making, Sable's operations, historical design intent, future environmental impacts, and governing legal standards. Both the State and Environmental Petitioners repeatedly assert that public availability alone renders a document judicially noticeable. That is incorrect. Complaints contain unproven allegations; staff materials reflect preliminary recommendations; and non-final or historical materials are subject to competing interpretations. None reflect adjudicated findings of fact from a source "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). All such documents therefore fall outside the scope of judicial notice for their asserted factual content. *Khoja,* 899 F.3d at 999.

Nor may Petitioners use judicial notice to transform narrative assertions or state agency characterizations into established facts. Throughout their respective opening briefs, Petitioners repeatedly ask the Court to accept subjective rankings,

18

exclusivity claims, causal attributions, predictive conclusions, or interpretive legal propositions drawn from these materials. Judicial notice may extend to the existence of a document and the fact that it contains certain statements, it cannot be used to compel the Court to accept those statements as true. *Khoja,* 899 F.3d at 999.

In some instances, Petitioners also seek judicial notice of factual inferences not supported by the documents themselves. For example, Environmental Petitioners rely on an order by the California Department of Parks and Recreation temporarily closing portions of Gaviota Park to argue that Sable's actions can "restrict public access to recreational areas for weeks at a time." Dkt. 53.1 at 58; Doc. 13. But the order does not identify the cause of the closure or attribute it to Sable in any way. Judicial notice cannot be used to fill evidentiary gaps, supply contested predicates for legal arguments, or introduce extra-record material through the back door. *M/V Am. Queen*, 708 F.2d at 1491.

For these reasons, Petitioners' requests for judicial notice should be denied except where limited to the undisputed existence of a document or the occurrence of an official action.

## CONCLUSION

For the foregoing reasons, Petitioners' Motions to Complete and Supplement the Record and for Judicial Notice should be denied, in part. In particular, the State's request for judicial notice should be denied as to documents 1-CalPSE 1–48, 1-

19

CalPSE 58–81, 1-CalPSE 153–176, and 1-CalPSE 82–152, except to the extent notice is limited to the undisputed fact that the document exists. Likewise, the Environmental Petitioners' request to complete the record should be denied as to Docs. 5, 6, 8–12, 14 and 17; their request to supplement the record should be denied as to their three proposed "expert" declarations and Docs. 4, 13, 15, 16, 18–21, and 23–28; and their request for judicial notice should be denied as to Docs. 1, 5, 8–10, 12–17, 19–23, 25, and 28, except to the extent notice is limited to the undisputed fact that the document exists. Sable respectfully requests that all briefed arguments predicated on extra-record materials or disputed factual assertions contained in noticed documents be stricken or disregarded.

Dated: April 9, 2026

Respectfully submitted,

By: /s/ *James W. Noe*
James W. Noe
jim.noe@hklaw.com
Rafe Petersen
rafe.petersen@hklaw.com
Ashley Akers
ashley.akers@hklaw.com
**HOLLAND & KNIGHT LLP**
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Tel: (202) 469-5525

Nicholas McDaniel
nmcdaniel@babstcalland.com

20

Lucille E. Wiesner
lwiesner@babstcalland.com
**BABST CALLAND CLEMENTS AND ZOMNIR, P.C.**
505 9th Street NW, Suite 602
Washington, DC 20004
Tel: (202) 853-3455

Jessica Stebbins Bina
jessica.stebbinsbina@lw.com
**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5525

*Attorneys for Respondent-Intervenors Sable Offshore Corp. and Pacific Pipeline Company*

21

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. App. P. 5(c)(1) and 27(d)(2)(A) because, excluding the parts of the document exempted by the rules, this document contains 4,470 words, and with Circuit Rule 27-1(d), because it does not exceed 20 pages.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14 font size and Times New Roman style.

Dated: April 9, 2026

Respectfully submitted,

By: /s/ *James W. Noe*

*Attorneys for Respondent-Intervenors*
*Sable Offshore Corp. and Pacific Pipeline*
*Company*

22

## CERTIFICATE OF SERVICE

I certify that I electronically filed this Opposition to Petitioners' Motions to Complete and Supplement the Record and for Judicial Notice with the United States Court of Appeals for the Ninth Circuit to be filed electronically with the Clerk of the Court using the ACMS system on April 9, 2026, which will send notice of such filing to counsel for all parties in the case.

Dated: April 9, 2026

Respectfully submitted,

By: /s/ *James Noe*

*Attorneys for Respondent-Intervenors*
*Sable Offshore Corp. and Pacific Pipeline*
*Company*

23