Nos. 25-8059, 26-508

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

STATE OF CALIFORNIA,

*Petitioner*,

V.

PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, ET AL.,

*Respondents*.

_____

## CONSOLIDATED REPLY TO RESPONDENT'S AND RESPONDENT-INTEREVENORS' OPPOSITIONS TO PETITIONER'S MOTION TO COMPLETE THE ADMINISTRATIVE RECORD, AND FOR JUDICIAL NOTICE

_____

ROB BONTA
  *Attorney General of California*
ANNADEL A. ALMENDRAS
DEBORAH SMITH
  *Senior Assistant Attorneys*
  *General*
MYUNG J. PARK
VANESSA C. MORRISON
  *Supervising Deputy Attorneys*
  *General*

MATTHEW BULLOCK
MICHAEL S. DORSI
REBECCA HUNTER
RAFAEL J. HURTADO
MITCHELL RISHE
  *Deputy Attorneys General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3802
Fax: (415) 703-1107
Michael.Dorsi@doj.ca.gov
Mitchell.Rishe@doj.ca.gov
  *Attorneys for Petitioner*

April 23, 2026

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................... 1

Argument ....................................................................................... 3

    I.      Neither PHMSA Nor Sable Object to California's Motion
          to Correct the Record ................................................................ 3

    II.     PHMSA Still Has Not Provided a Complete Record ................ 4

    III.   The Court Should Take Judicial Notice of Documents ............ 7

Conclusion .................................................................................... 14

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aginsky v. Farmers Ins. Exch.*
409 F.Supp.2d 1230 (D. Or. 2005) ............................................................. 10

*Am. Passage Media Corp. v. Cass Commc'ns, Inc.*
750 F.2d 1470 (9th Cir. 1985) .................................................................... 10

*Burlington Truck Lines, Inc. v. United States*
371 U.S. 156 (1962) ................................................................................. 8, 11

*Dep't of Commerce v. New York*
588 U.S. 752 (2019) ..................................................................................... 11

*Goffney v. Becerra*
995 F.3d 737 (9th Cir. 2021) ......................................................................... 7

*Hamilton v. State Farm Fire & Cas. Ins. Co.*
270 F.3d 778 (9th Cir. 2001) ......................................................................... 9

*Helfand v. Gerson*
105 F.3d 530 (9th Cir. 1997) ....................................................................... 10

*Nationwide Agribusiness Ins. v. George Perry & Sons, Inc.*
338 F.Supp.3d 1063 (E.D. Cal. 2018) ...................................................... 8, 9

*Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*
No. 17-05211-WHA, 2017 WL 4642324 (N.D. Cal. Oct. 17, 2017) ......................................................................................................... 6

*Rothman v. Gregor*
220 F.3d 81 (2d Cir. 2000) ............................................................................ 9

*Safari Club Int'l v. Haaland*
31 F.4th 1157 (9th Cir. 2022) ........................................................................ 4

*Samson v. NAMA Holdings, LLC*
637 F.3d 915 (9th Cir. 2010) ......................................................................... 9

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

STATUTES

5 U.S.C. § 706 ................................................................................................2

49 U.S.C. § 60105(f) .......................................................................................13

iii

**INTRODUCTION**

The initial record that the Pipeline and Hazardous Materials Safety Administration ("PHMSA") certified to this Court was shockingly incomplete. PHMSA certified a record of just 53 documents. *See* Amended Certification for the Index to the Administrative Record (Case No. 26-508, Dkt. 18); Certified Index to the Administrative Record (Case No. 25-8059, Dkt. 25). In response to California's motion, PHMSA and intervenors Sable Offshore Corporation and Pacific Pipeline Company (collectively referred to as "Sable") have conceded that four documents identified by California for inclusion in the record were, in fact, improperly omitted. PHMSA Opposition (Case No. 26-508, Dkt. 35), p. 2). PHMSA has also agreed that two other documents identified by petitioners Environmental Defense Center, et al., in consolidated case no. 25-8059, were also improperly omitted. *Id*. And PHMSA has conceded that its review revealed yet another document— previously unknown to Petitioners—that had been improperly omitted. *Id*.

That is all well and good, but it is not enough. The extreme inaccuracy of PHMSA's first submission to this Court rebuts any presumption of regularity that would ordinarily apply. PHMSA has an obligation to certify a full and complete record in which this Court and the parties can have confidence—not one that tilts the scale in favor of its desired outcome. Because PHMSA does not address California's contention that there are additional documents PHMSA should have

1

included in the record but did not, this Court should order PHMSA to correct the record with any notes, memoranda or reports, including findings, of PHMSA's purported inspection of Sable's pipeline facilities, or any internal correspondence, correspondence between PHMSA and Sable, or correspondence between PHMSA and other federal, state or local agencies, regarding its inspections or interstate determination. Although PHMSA has agreed to add another seven documents, including documents with photographs of the Las Flores Canyon processing facility, California believes that PHMSA still has failed to certify a complete record.

PHMSA contests California's request for judicial notice of four documents comprising two pleadings Sable has recently filed in other courts: PHMSA's Limited Non-Enforcement Policy, and a slide deck prepared by the California State Lands Commission. The Court should grant the request for judicial notice. The orders California challenges were, as PHMSA's attempts at record revision reveal, made hastily and with no public process or opportunity for public comment. The documents for which California seeks judicial notice are necessary so this Court may carry out its duty to review "the whole record." 5 U.S.C. § 706. They provide a description of the pipelines and other infrastructure—including a large, 34-acre oil and gas processing, treatment, and storage facility—that PHMSA's certified record omits. The Court should grant this Motion.

## ARGUMENT

### I. NEITHER PHMSA NOR SABLE OBJECT TO CALIFORNIA'S MOTION TO CORRECT THE RECORD

California identified four documents that the agency should have either directly *or indirectly* considered in issuing the challenged orders, but were not included in the record:

| Document | Date | CalPSE No. |
|---|---|---|
| Letter from OSFM to Sable | 10/22/2025 | 1-CalPSE-56-57 |
| Letter from Sable to OSFM | 10/23/2025 | 1-CalPSE-52-55 |
| Sable's Spill Prevention, Control, and Countermeasure Plan | 3/2025 | 1-CalPSE-82-152 |
| Liquid Pipeline Interstate/Intrastate Delineation Maps | 10/18/2001 | 1-CalPSE-177-82 |

Although PHMSA and Sable had initially agreed to the inclusion of all but Sable's Spill Prevention, Control, and Countermeasure Plan ("SPCC Plan"), in their Oppositions, both PHMSA and Sable now also consent to the SPCC Plan's inclusion in the record. *See* PHMSA Opposition (Case No. 26-508, Dkt. 35), p. 2 ("Federal Respondents agree that four of [sic] documents identified by California, as well as two of the documents identified by Environmental Petitioners, belong in the record."); Sable Opposition (Case No. 26-508, Dkt. 37), p. 7 ("The State seeks to complete the record with four documents, which Sable does not dispute."). In

3

other words, the agency agrees that those documents should be added because its initial submission to this Court was incomplete.

## II.   PHMSA STILL HAS NOT PROVIDED A COMPLETE RECORD

PHMSA has also decided belatedly to add another previously undisclosed document to the administrative record: "a December 2025 slides [sic] deck provided by Sable Offshore Corporation, that discusses the operations of that facility." PHMSA Opposition, p. 3. PHMSA's belated addition of a 2025 Sable slide deck—in addition to its concession that four documents identified by California and another two documents identified by Environmental Defense Center should have been included in the record—casts further doubt on an already suspect record.

Although there is a "presumption of regularity" in a government agency's preparation of the record, that presumption can be rebutted with "clear evidence to the contrary." *Safari Club Int'l v. Haaland*, 31 F.4th 1157, 1177 (9th Cir. 2022). Even before the belated addition of the Sable slide deck, California has already presented "clear evidence" that the record is incomplete and insufficient.

In its Motion, California identified documents that are likely to exist and that should have been included in the record, but were not. For instance, the Federalization Order[1] makes references to PHMSA's "review" of the Pipelines,

---

[1] All capitalized terms have the same meaning as set forth in the Motion.

including an "on-site inspection," review of Sable's "written procedures and records," and "field observations" of Sable's various assets. 1-CalER-25. But the record is devoid of any notes, memoranda, or reports of PHMSA's "on-site inspection[s]" or "review[s]"; nor does the record include any internal agency communications, communications between the agency and other federal, state or local agencies, or communications between the agency and Sable.

California also noted that included in the record is an Inspection Output Report, 2-CalER-29-31, but that missing from the record are the *inputs*, or the questions that were used to generate the Output Report.

In its Opposition, PHMSA does not respond to California's contention that the record is missing "inspection notes [and] reports," "internal agency communications," "communications between the agency and Sable," and "communications with other federal, state or local agencies." Motion, p. 11. PHMSA does concede that the Sable slide deck should have been included in the record but was not. But PHMSA did not furnish this document with its Opposition for California's and the Court's review. Instead, PHMSA stated that it "will add that document to the revised certified index as well, and when that revised index is filed, we will share a copy of that document with California." *Id*. On April 10, the day after receiving PHMSA's Opposition, California wrote to PHMSA, requesting

a copy of the Sable slide deck. California received the slide deck six days later, on April 16.

However, PHMSA does not similarly offer to correct the record with its notes, memoranda or reports of its "inspections" and "reviews" of Sable's facilities, or of its communications—either internally or with Sable or other government agencies—nor did it offer to correct the record with the inputs used to generate the Output Report. These types of documents should be included as part of the record. *See Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, No. 17-05211-WHA, 2017 WL 4642324, at *3–5 (N.D. Cal. Oct. 17, 2017) (ordering the defendants to complete the record with communications with the White House and other agencies, including emails and meeting notes, because of evidence that the President and high-level officials at other agencies were involved in the agency action at issue), aff'd by *Trump v. United States Dis. of N. Cal.*, 875 F.3d 1200 (9th Cir. 2017), vacated on other grounds by *In re United States*, 583 U.S. 29 (2017).

California asked PHMSA in an informal email for the reason the Sable slide deck was not initially included in the record. PHMSA responded that "[q]uestions related to the motions to supplement (specifically, about the operations at the Las Flores Canyon facility) reminded PHMSA personnel that they had reviewed the document and that it should be included on the index." Declaration of Mitchell Rishe, Exhibit 1.

6

PHMSA's caged response raises more questions than it answers. It does not explain the criteria PHMSA used to search for documents and determine whether some belong in the record and others (those identified by California) do not. PHMSA's belated inclusion of a Sable-created document, while continuing to exclude other documents, suggests that PHMSA is "cherry-picking" the evidence to include in the administrative record. Although there is a presumption that "[government officials] have properly discharged their official duties," *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) (quoting *Angov v. Lynch*, 788 F.3d 893, 905 (9th Cir. 2015) (alteration by *Goffney* court)), PHMSA is not entitled to that presumption under the circumstances. PHMSA's conduct justifies considerably more judicial scrutiny of their purported record than would ordinarily be the case.

## III. THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS

PHMSA (and Sable) object to California's request that the Court take judicial notice of four documents under rule 201 of the Federal Rules of Evidence: two state court pleadings by Sable, and two documents prepared by governmental agencies—one by PHMSA and the other by the California State Lands Commission ("State Lands"). But California's request is justified.

California requests judicial notice of the two pleadings and the State Lands document to supplement the lack of evidence in the administrative record describing the various Sable-owned facilities. Absent these documents (along with

the four documents added to the record described above), there is insufficient evidence in the record for the Court to understand the infrastructure and discrete activities that PHMSA and Sable novelly contend constitute an interstate pipeline facility. Understanding the differences between the offshore pipelines, the gas processing facility, and the onshore pipelines is central to the issues giving rise to the Petition. *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) ("The agency must make findings that support its decision, and those findings must be supported by substantial evidence.").

A.    With respect to the two Sable pleadings (1-CalPSE-1-48, 58-81), although PHMSA and Sable do not appear to object to the Court taking judicial notice of the existence of these pleadings, they object to the Court accepting the truth of the allegations therein, because "the facts of a complaint are supported by mere allegations." PHMSA Opposition, p. 19; *see also* Sable Opposition, p. 18 (objecting to judicial notice of "unadjudicated complaints" and "unproven allegations").

"Courts may judicially notice facts of public record in a judicial or administrative proceeding that 'direct[ly] relat[e] to the matters at issue,' such as the existence of a motion *or of representations made therein*." *Nationwide Agribusiness Ins. v. George Perry & Sons, Inc.*, 338 F.Supp.3d 1063, 1068 n.2 (E.D. Cal. 2018) (*quoting U.S. ex rel. Robinson Rancheria Citizens Council v.*

8

*Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (emphasis added)). *See Rothman v. Gregor*, 220 F.3d 81, 91 (2d Cir. 2000) (in a motion to dismiss a securities fraud case, court took judicial notice of allegations in a related lawsuit to demonstrate the requisite scienter); *see also Nationwide Agribusiness,* 338 F.Supp.3d at 1068 (taking judicial notice of underlying facts alleged in related state court complaint).

Here, neither PHMSA nor Sable challenge the factual allegations of the Sable pleadings on the grounds that they are in dispute, only that they are "unproven." Sable's objection to its own pleadings as "unproven" and "unadjudicated" is particularly specious. Does Sable mean to argue that its own description of the LFC Facilities in prior judicial pleadings were misrepresentations (and would it not be under an obligation to submit corrections to those Courts if that were the case)? In any event, judicial estoppel would prevent Sable from disclaiming its factual allegations made in the different actions. "Judicial estoppel is an equitable doctrine that prevents a party from benefitting by taking one position but then later seeking to benefit by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 270 F.3d 778, 782 (9th Cir. 2001); *see Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 935 (9th Cir. 2010) (judicial estoppel "applies to positions taken in the same action or in different actions"). "Judicial estoppel applies to a party's stated position, regardless of

9

whether it is an expression of intention, a statement of fact, or a legal assertion." *Helfand v. Gerson*, 105 F.3d 530, 535 (9th Cir. 1997).

Moreover, the statements Sable made in its verified pleadings constitute evidentiary admissions, so they may be accepted against the party that made the statement unless contradicted by competent evidence. *See Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 n.2 (9th Cir. 1985) (citing 4 Wigmore, Evidence § 1066) (concluding that admissions in a complaint were "admissible evidence but not conclusive admissions."); *cf. Aginsky v. Farmers Ins. Exch.*, 409 F.Supp.2d 1230, 1236 (D. Or. 2005) (a "factual statement in a pleading in another judicial proceeding is 'some evidence'"). Here, California doubts that either Sable or PHMSA will point to contrary evidence because they were, in fact, aware of the facts that Sable proffered in its pleadings.

The facts stated in Sable's pleadings in other cases concerning Sable's facilities are not in dispute. These facts are not only Sable's admissions in the documents subject to judicial notice, but also are facts that were well-known to all parties, including PHMSA, at the time that PHMSA made the challenged decisions. That these facts are not in PHMSA's record documents does not mean that PHMSA was unaware of the basic facts about the facilities it categorized as an interstate pipeline facility. The easiest way for the Court to address the deficiency

10

in PHMSA's documentation is to take judicial notice of these undisputed facts, using the descriptions provided by Sable in its own verified pleadings.

In any event, PHMSA's task, under the arbitrary and capricious standard of the Administrative Procedure Act, was to base its decision on appropriate information. *Burlington Truck Lines*, 371 U.S. at 168. A failure to inquire *at all* into the actual composition and function of the LFC facilities would hardly fulfill that duty. Nor would failing to take into account what Sable is saying in public judicial proceedings about its pipelines and processing facilities. If PHMSA did take such things into account without including them in the record, then the record is incomplete and the decision arbitrary and capricious for failing to explain relevant aspects. *Dep't of Commerce v. New York*, 588 U.S. 752, 785 (2019) (agency must provide a "reasoned explanation" for its decision). And if PHMSA purposefully closed its eyes to relevant data, its decision was arbitrary and capricious for that reason. Judicial Notice—at least of the existence of the documents and statements therein—is therefore appropriate in order that this Court may judge the agency's compliance with the requirements of reasoned decision-making.

B.  With respect to the Update on the Status of the Existing Offshore Oil and Gas Production and Pipeline Leases Managed by the Commission, prepared by State Lands (1-CalPSE-153-76), this document is introduced for the limited

11

purpose of describing the Oil Emulsion Pipeline between the offshore platforms and the LFC Facilities. *See* California's Opening Brief (Case No. 26-508, Dkt. 23.1), p. 5. Absent this document, there is no evidence in the record describing a critical component of what PHMSA has purportedly determined to be an interstate pipeline facility.

Neither PHMSA nor Sable identify their specific objection to this document. Sable merely casts this document with others as improperly attempting to "transform . . . state agency characterizations into established facts." Sable Opposition, p. 18. PHMSA challenges the document as "a slideshow prepared by the California State Lands Commission years ago that does not show the current status of the pipeline leases it depicts." PHMSA Opposition, p. 19. Respondents do not expound on how this document inaccurately depicts the current status of the pipeline and do not point to any contrary evidence why the State Lands document is unreliable or suspect. If the State Lands document "does not show the current status of the pipeline," nowhere in the record is there a description of the "current status" of the Offshore Emulsion Pipeline for PHMSA to make that claim. Absent this document, the Court would be left guessing as to the product that flows through this pipeline, or be simply forced to take PHMSA's word that what flows through the Oil Emulsion Pipeline is sufficiently similar to the product that flows through Lines CA-324/325—after it is treated and processed at the LFC

12

Facilities—to constitute a single, integrated interstate pipeline. While such an assumption would favor PHMSA's position, it is a categorically incorrect understanding of how the pipelines operate.

C.   Finally, with respect to PHMSA's Limited Enforcement Discretion Policy (1-CalPSE-49-51), PHMSA argues against judicial notice of this document on the sole ground that "its relevance is unclear." PHMSA Opposition, p. 19. For its part, Sable does not specifically address this document. To the contrary, its relevance is readily apparent. PHMSA purported to assume federal regulatory jurisdiction over Lines CA-324/325 and displace the current regulator OSFM, only to declare weeks later that it will not enforce some of its safety regulations. As California argued in its Opening Brief, the Pipeline Safety Act provides a circumscribed mechanism for PHMSA to assert federal jurisdiction over intrastate pipelines. *See* 49 U.S.C. § 60105(f). But that provision is limited to cases where the state is not satisfactorily enforcing compliance with federal standards. 49 U.S.C. § 60105(f). But PHMSA does not assert jurisdiction over Lines CA-324/325 in order to "achieve adequate enforcement" of federal safety standards; rather, PHMSA has broadly signaled in its January 12, 2026, Limited Enforcement Discretion Policy that it does not intend to enforce certain federal safety standards. *See* Opening Brief, pp. 38-39. The document is therefore relevant to negate any

13

inference that PHMSA's assumption of regulatory jurisdiction over the pipelines is designed to enhance or even support, the concept of pipeline safety.

## CONCLUSION

This Court should order Respondent PHMSA to complete the administrative record, and should take judicial notice of the documents described above.

Dated: April 23, 2026

Respectfully submitted,

*s/ Mitchell Rishe*

MITCHELL RISHE
 *Deputy Attorney General*
ROB BONTA
 *Attorney General of California*
ANNADEL A. ALMENDRAS
DEBORAH SMITH
 *Senior Assistant Attorneys General*
MYUNG PARK
VANESSA C. MORRISON
 *Supervising Deputy Attorneys General*
MATTHEW BULLOCK
MICHAEL S. DORSI
REBECCA HUNTER
RAFAEL J. HURTADO
 *Deputy Attorneys General*

SA2026300092
68405086

14

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** | 25-8059, 26-508

I am the attorney or self-represented party.

**This brief contains** | 2,961 | **words,** including | | words

manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

☉ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    ☐ it is a joint brief submitted by separately represented parties.
    ☐ a party or parties are filing a single brief in response to multiple briefs.
    ☐ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated |              |.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | */s/ Mitchell Rishe* | **Date** | 04/23/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/22*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 5-8059, 26-508

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Consolidated Reply to Respondent.'s and Respondent Intervenors' Oppositions to Petitioner's Motion to Complete the Administrative Record and for Judicial Notice and for the Dec of Mitchell Rishe ISO Consolidated Reply to Resp's and Resp Ints' Opp to Complete the Administrative Record and for Judicial Notice

**Signature** | */s/ Mitchell Rishe* | **Date** | *04/23/2026*

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 15** | *Rev. 12/01/2018*