Nos. 25-8059, 26-508
Argument Scheduled: July 7, 2026

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———————————

STATE OF CALIFORNIA,

*Petitioner*,

V.

PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, ET AL.,

*Respondents*.

———————————

## OPPOSITION TO RESPONDENT'S MOTION TO EXTEND DEADLINE TO FILE ANSWERING AND RESPONSE BRIEFS

———————————

ROB BONTA
 *Attorney General of California*
ANNADEL A. ALMENDRAS
DEBORAH SMITH
 *Senior Assistant Attorneys General*
MYUNG J. PARK
VANESSA C. MORRISON
 *Supervising Deputy Attorneys General*

MATTHEW BULLOCK
MICHAEL S. DORSI
REBECCA HUNTER
RAFAEL J. HURTADO
MITCHELL RISHE
 *Deputy Attorneys General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3802
Fax: (415) 703-1107
Michael.Dorsi@doj.ca.gov
Mitchell.Rishe@doj.ca.gov
 *Attorneys for Petitioner*

May 4, 2026

Petitioner State of California ("California") respectfully opposes the request by respondent Pipeline and Hazardous Materials Safety Administration ("PHMSA") for a 12-day extension of the due date for PHMSA's answering and response briefs ("Motion") (Case No. 26-508, Dkt. 45). PHMSA's motion requests the extra time because it wishes to add new material to the record that the agency relied on when making its decision, but that PHMSA did not disclose to petitioners or the Court when petitioners filed their opening briefs.

But the extension would prejudice California—and disrupt the business of the Court—because argument in this matter has already been set for July 7. Delaying respondent's and intervenor's answering briefs could result in either shortchanging California in the time needed to prepare its reply brief, or in the rescheduling of argument and a delayed decision. Either result would prejudice California, whose reply brief must now respond to thousands of pages of still-undisclosed new material, and whose statutory rights are being violated by the agency's unlawful assumption of jurisdiction over an intrastate pipeline.

Nor is there "good cause" for PHMSA's request. Fed. R. App. P. 26(b); *see* Ninth Circuit Guidelines, Notice of Cases Set for Hearing ("After a case has been calendared, continuances are not granted except for a showing of extraordinarily good cause"). In fact, PHMSA does not even argue that it needs the extension of time to address the "found" documents in its answering brief, only in order "to

1

conduct appropriate privilege and confidentiality review." Motion, p. 2. But there is no reason PHMSA cannot file its answering brief on schedule on May 8, while simultaneously finalizing its review of the documents. And if there is any question about who should bear the costs of PHMSA's dramatically insufficient attention to producing the record in this case, the answer is clear: PHMSA. And to the extent PHMSA truly finds itself unable to file its brief on this Court's set day, at most it should receive a three-day extension, to Monday, May 11, to minimize the resulting prejudice to California.

## BACKGROUND

This case concerns PHMSA's assertion of federal regulatory jurisdiction over two oil pipelines, known as Lines CA-324 and CA-325, now owned by intervenor Sable Offshore Corp. ("Sable"). Since 2016, the pipelines had been classified as intrastate pipelines under the regulatory jurisdiction of California's Office of the State Fire Marshal, as acknowledged in a federal consent decree that resolved claims stemming from a 2015 oil spill caused by the catastrophic failure of one of the pipelines. 5-CalER-786-887.

On December 17, 2025, PHMSA issued an order stating that it agreed with Sable's letter to it determining the pipelines to be part of an interstate pipeline subject to exclusive federal regulation. Days later, PHMSA issued an emergency

2

permit to allow Sable to waive compliance with certain regulatory requirements pertaining to its efforts to restart the pipelines.

On December 24, 2025, petitioner Environmental Defense Center, et al., filed a petition for review in this Court, in Case No. 25-8059. This Court set and then reset the briefing schedule, requiring Environmental Defense Center's opening brief by February 9, 2026, PHMSA's answering brief by March 9, 2026, Intervenors' brief by March 25, 2026, and Environmental Defense Center's optional reply brief 14 days later, meaning no later than April 8, 2026. *See* Jan. 26, 2026 Order (Case No. 25-8059, Dkt. 35).

On January 23, 2026, California filed a petition for review in Case No. 26-508. The parties agreed to seek consolidation with Case No. 25-8059. This Court granted consolidation, approving the parties' negotiated briefing schedule, and ordered petitioners' opening briefs to be filed on March 23, 2026, respondent's and intervenor's answering briefs to be filed on May 8, 2026, and petitioners' optional reply briefs to be filed on June 8, 2026. Feb. 5, 2026 Order (Case No. 26-508, Dkt, 11), p. 2. The Court's order specified that "[n]o streamlined extensions of time to file a brief will be approved." *Id.* (citing 9th Cir. R. 31-2.2(a)(1)).

On January 13, 2026, PHMSA certified the administrative record in Case No. 25-8059, which consisted of 53 documents totaling 1,429 pages. Certified Index to the Administrative Record (Case No. 25-8059, Dkt. 25). On March 5,

3

2026, PHMSA certified the administrative record in this case, which incorporated the certified record in Case No, 25-8059. Amended Certification for the Index to the Administrative Record (Case No. 26-508, Dkt. 18).

On March 23, 2025, California filed its motion to correct the administrative record and for judicial notice ("Motion to Correct"), identifying 4 additional documents that it determined should have been included in the record, but were not. Motion to Correct (Case No. 26-508, Dkt. 26). Petitioner Environmental Defense Center, et al., also filed a motion to correct the record in Case No. 25-8059, Dkt. 56. Consistent with the Court's scheduling order, however, California also filed its opening brief on the same date, citing to the documents identified in its Motion to Correct. PHMSA responded to the motions by acknowledging a small number of deficiencies and seeking to expand the record with 6 additional documents—4 identified by California, 1 identified by Environmental Defense Center, and 1 that it had "discovered" upon review of petitioners' motions— totaling 103 additional pages. Combined Opposition to Petitioners' Motions to Complete and Supplement the Administrative Record and for Judicial Notice ("Opposition to Motion to Correct") (Case No. 26-508, Dkt. 35), p. 3.

On April 30, 2026, eight days before the due date for PHMSA's responding briefs, PHMSA's attorney contacted petitioners' counsels, stating that PHMSA had determined that the agency had also relied on additional documents, whose volume

4

was not exactly known but which PHMSA's attorney estimated "may total more than 1500 pages."

The following day, May 1, 2026, PHMSA filed its Motion. The Motion states that PHMSA has now identified more than 2500 pages of information, and that PHMSA seeks to extend its answering brief due date while Sable reviews the documents for redactions.

## ARGUMENT

This Court's February 5, 2026, order specified due dates for all parties' briefs, stating that "[n]o streamlined extensions of time to file a brief will be approved," thus indicating time extensions would be examined critically. *See* Feb. 5, 2026 Order (Case No. 26-508, Dkt, 11), p. 2. And in setting the July 7 hearing, the Court referred to its Guidelines which state, "After a case has been calendared, continuances are not granted except for a showing of extraordinarily good cause." *See* Ninth Circuit Guidelines, Notice of Cases Set for Hearing. PHMSA has not demonstrated good cause to extend its deadline, let alone "extraordinarily good cause."

Nor has PHMSA addressed the prejudice that petitioners would suffer.

### A. There Is No Good Cause for an Extension

PHMSA's duty was to timely file the complete, accurate administrative record at the outset of this case, so it could be relied upon by all parties to this

5

action when they filed their briefs. See Fed. R. App. P. 17; Circuit Rule 17-1. When petitioners' motions to correct the administrative record advised PHMSA that its record was deficient—*see* Motion to Correct, p. 11 (noting that the record contained an "Inspection Output Report" but lacked "the *inputs*, or questions that were used to generate the Output Report"); *id.* (noting that administrative record lacked any "notes or reports" from PHMSA's inspections of intervenor Sable's various assets)—PHMSA did not promptly investigate and repair those deficiencies; instead, it filed an opposition which grudgingly admitted that a few documents had been improperly withheld. In doing so, it represented to the Court that, "Upon review of these motions [to correct the administrative record] PHMSA reviewed its files and discovered one additional record document[.]" Opposition to Motion to Correct, p. 3. On April 27, 2026, PHMSA filed a new certification, adding 6 documents and 103 pages to the record. *See* Revised Certified Index to the Administrative Record (Case No. 26-508, Dkt. 44).

Now, more than a month after California advised PHMSA of its deficient record and just one week before its filing deadline, PHMSA claims that it has just found *more than 2,500 pages* of additional record documents. Motion, p. 1. The original certified record consisted of just 1,429 pages of documents. *See* Certified Index to the Administrative Record (Case No. 25-8059, Dkt. 25). With these

6

additional documents, the record will more than double the size of what PHMSA had originally certified back in January.

PHMSA's extension request does nothing to explain the steps it took to attempt to assemble a proper record earlier in this case—and why the additional thousands of pages were not discovered and disclosed at the initial record certification or in answer to petitioners' earlier motions. Nor does PHMSA explain why it cannot simultaneously redact the new pages while completing its brief on time. There is no good cause for an extension, and given the prejudice that will result to California, the request should be denied.

**B.    The Extension Will Prejudice California**

Argument in this case has been scheduled for July 7, 2026, in San Francisco. If that argument date is delayed, then California will suffer prejudice. Sable is currently pumping some 50,000 barrels per day through the pipelines at issue, despite its failure to obtain California permits required for operation.[1] In ignoring the State's regulatory requirements, Sable relies on the challenged PHMSA jurisdictional orders in this case. Any delay in argument would prejudice

---

[1] *See Press Release: Sable Resumes Oil Flow as Ordered by the Federal DPA with Expected Gross Oil Rate of 50,000 Bbls/D and Expects First Sales by April 1, 2026* (Mar. 16, 2026), *available at* https://sableoffshore.com/news/news-details/2026/Sable-Resumes-Oil-Flow-as-Ordered-by-the-Federal-DPA-with-Expected-Gross-Oil-Rate-of-50000-Bblsd-and-Expects-First-Sales-by-April-1-2026/default.aspx.

California by delaying the resolution of California's challenge to those orders. A delay in deciding this case could also affect numerous other cases that are challenging aspects of Sable's behavior and of the federal government's purported authorization of pumping under the Defense Production Act.[2]

If California were to attempt to keep the existing argument by adhering to the existing due date for its reply brief notwithstanding PHMSA's late answering brief, that would also prejudice the State. California's time for reply would be shortened by nearly half, despite the need to address thousands of pages of new record material that California's opening brief had no opportunity to address. (Indeed, since California still has not seen the new record material and does not know whether it might need to request a word extension and deadline extension to adequately address those new matters.) Finally, if California were granted an opportunity to file its own reply twelve days late (on June 20 instead of June 8, 2026), that would disrupt this Court by lessening the time in which to consider the full briefing before the July 7 hearing. That would be particularly unfortunate since the additional material may make the reply brief especially important to this case,

---

[2] *See California v. Chris Wright, et al.*, No. 2:26-cv-3396 (C.D. Cal., March 31, 2026); *United States, et al. v. Plains All Am. Pipeline, et al.*, No. 2:20-cv-02415 (C.D. Cal., March 13, 2020); *Cal. Dep't of Parks & Recreation v. Sable Offshore Corp., et al.*, No. 2:26-cv-02946 (C.D. Cal., March 19, 2026); *Sable Offshore Corp., et al. v. Quintero*, No. 2:26-cv-02739 (C.D. Cal., March 13, 2026).

since there will be such a large volume of new record material that California had no opportunity to address in its initial brief, due to PHMSA's record deficiencies.

As a result, California respectfully requests that if any extension is granted, it be limited to 3 days, so that the follow-on effects on California's own briefing and the Court's consideration of the case are similarly cabined.

Dated:  May 4, 2026

Respectfully submitted,

s/ Mitchell Rishe
MITCHELL RISHE
  *Deputy Attorney General*
ROB BONTA
  *Attorney General of California*
ANNADEL A. ALMENDRAS
DEBORAH SMITH
  *Senior Assistant Attorneys General*
MYUNG PARK
VANESSA C. MORRISON
  *Supervising Deputy Attorneys General*
MATTHEW BULLOCK
MICHAEL S. DORSI
REBECCA HUNTER
RAFAEL J. HURTADO
  *Deputy Attorneys General*

## CERTIFICATE OF COMPLIANCE

I hereby certify:

1. This document complies with the length limitation of Circuit Rule 27-1(1)(d) because it is 1,921 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Respectfully submitted,

*s/ Mitchell Rishe*

MITCHELL RISHE
*Deputy Attorney General*

10

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 25-8059, 26-508

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)***:**

> **OPPOSITION TO RESPONDENT'S MOTION TO EXTEND DEADLINE TO FILE ANSWERING AND RESPONSE BRIEFS**

**Signature**   *s/ Mitchell Rishe*   **Date**   May 4, 2026

11