UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE CENTER; et al., <br><br> Petitioners, <br><br> v. <br><br> PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, <br><br> Respondent, <br><br> -------------------------------------- <br><br> SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY, <br><br> Intervenors. | No. 25-8059 <br><br> Agency No. 2025-1502 Department of Transportation, National Transportation Safety Board <br><br> ORDER |
| STATE OF CALIFORNIA, <br><br> Petitioner, <br><br> v. <br><br> PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION; et al., <br><br> Respondents, <br><br> -------------------------------------- | No. 26-508 <br> Agency No. 2025-1502 Department of Transportation, National Transportation Safety Board |

PACIFIC PIPELINE COMPANY and
SABLE OFFSHORE CORP.,

Intervenors.

The parties' Second Joint Motion for a Protective Order (Dkt. 107) is **GRANTED**.

The following Protective Order shall govern the production and use of Protected Information in this Action and preclude use of such information for purposes other than this Action, except as authorized by law or in accordance with this Protective Order.

1. In accordance with and subject to the protections of this Protective Order, Respondent the Pipeline and Hazardous Materials Safety Administration ("PHMSA") shall disclose all documents identified in the Second Revised Certified Index to the Administrative Record filed on May 9, 2026 (ECF No. 77.1), as well as any documents identified in any future amendments or supplements to the Administrative Record in this Action, to the extent such documents are claimed to contain Protected Information.

2. "Protected Information" means the redacted portions of the documents identified in the Second Revised Certified Index to the Administrative Record and produced by PHMSA on May 11, 2026, as well as any future amendments, supplements, or additions to the Administrative Record in this Action that contain

25-8059

redacted or otherwise protected material. The portions of each of those documents that were not redacted are not "protected information."

3.       Any party may challenge the designation of material as Protected Information by providing written notice of such challenge to counsel for PHMSA within 30 days after such material is produced. PHMSA will then review the material at issue and affirm or rescind the Protected Information designation within 15 days. If PHMSA affirms the Protected Information designation, the party opposing the Protected Information designation may file an appropriate motion or other submission with the Court within 15 days. The time for filing any response thereto or reply will be governed by Circuit Rule 27, and any motion to extend time shall be governed by Circuit Rule 26. Challenged material that is the subject of a proper motion shall be considered Protected Information until the motion is considered and ruled upon.

4.       Protected Information subject to this Protective Order may be disclosed only to the following:

   a.       The Court and its personnel;

   b.       Counsel of record for the Parties and other attorneys in their firm, any in-house counsel who provide legal advice to the Parties, as well as members of the staff of Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Agreement attached hereto as **Exhibit A**;

   c.       The Parties, including the officers, directors, and employees of the Parties to whom disclosure is reasonably necessary for this

litigation and who have signed the Agreement attached hereto as **Exhibit A**;

d. Court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement attached hereto as **Exhibit A**; or

e. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5. Any person given access to Protected Information pursuant to Paragraph 4 above is directed not to disclose such information to any person other than those described in Paragraph 4.

6. Disclosure and use of any Protected Information subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be reproduced, distributed, displayed, or used by any party for any business, commercial, competitive, or other purpose.

7. If Protected Information is to be filed with the Court either in original form or by copy, reference, reproduction, or similar manner, whether in briefs, pleadings, or otherwise, then the filing shall be filed under seal and with notation of the application of this Protective Order. If for any reason a party's request to submit any Protected Information under seal is not granted, the submitting party shall promptly request that the Court return the material not accepted for filing under seal to the submitting party, and the parties shall meet and confer as to any redactions or other measures that may be appropriate to allow for the submission of relevant

25-8059

material to the Court consistent with this Order. Any party may move the Court on an expedited basis for an extension of time to file a declaration in support of a request to file a document under seal.

8. The use of Protected Information subject to this Protective Order at a hearing in this matter will not waive the confidential nature of the information. The Parties shall meet and confer at least 15 days prior to any hearing to discuss the treatment of Protected Information during the hearing. A party who intends, during any hearing, to present argument or other material containing Protected Information shall so advise the parties and the Court so that any appropriate steps may be taken before such presentation or reference is made and shall arrange for the pages of any transcript containing such information to be marked "SUBJECT TO PROTECTIVE ORDER." Any party may move the Court for a closed hearing. The Parties agree that the use of Protected Information during any hearing pursuant to an agreement by the Parties is not a violation of this Protective Order.

9. This Protective Order shall not preclude the Parties from exercising any rights or raising any objections otherwise available to them under the rules of evidence.

10. Upon final resolution of this Action, including any appeals, within thirty (30) days of such resolution, the Parties shall take reasonable steps to destroy all Protected Information subject to this Protective Order, including all copies, prints,

25-8059

summaries and other reproductions of such information.  Upon request, any person given access to Protected Information pursuant to Paragraph 4 above shall provide written confirmation of such destruction.

Notwithstanding this provision, Counsel for the Parties are entitled to retain in their law firm or law office file an archival copy of pleadings, motions, trial, deposition, and hearing transcripts, briefs, deposition and trial exhibits, expert reports and work product, and attorney work product even if these materials contain Protected Information.  Any portions of such archival copies that contain Protected Information shall remain subject to this Protective Order and following termination of this Action may not be communicated to or shared with any person absent consent or an Order of Court.

11.    The restrictions on disclosure and use of Protected Information shall survive the conclusion of this Action and this Court shall retain jurisdiction of this Action after its conclusion for the purpose of enforcing the terms of this Protective Order.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

6                                                          25-8059

## EXHIBIT A

## AGREEMENT TO BE BOUND BY TERMS OF AGREEMENT REGARDING PROTECTED INFORMATION

I, _____, state that:

1.    I am authorized to receive access to Protected Information in the Administrative Record pursuant to Paragraph 4 of the Protective Order on behalf of

_____.

2.    I have carefully read and understood the provisions of the Protective Order on _____, and

3.    I will comply with all provisions of the Protective Order.

I declare that the foregoing is true and correct.

_____

[Signature]

_____

[Printed Name]

_____[Date]

7            25-8059