

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Appellate Section*
*P.O. Box 7415*
*353-1873*
*Ben Franklin Station*
*Washington, DC  20044*

*Telephone (202) 514-4081*
*Facsimile (202)*

## <u>Via CM/ECF</u>

June 5, 2026

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

> Re:  Rule 28(j) citation of supplemental authority pertinent and significant to *Environmental Defense Center v. Pipeline & Hazardous Materials Safety Administration*, No. 25-8059, consolidated with No. 26-508

Dear Ms. Dwyer:

PHMSA respectfully submits as supplemental authority *Flowers Foods v. Bock*, 608 U.S. __, No. 24-935, 2026 WL 1485669 (May 28, 2026) (attached).

The Supreme Court unanimously held that a delivery driver who picked up baked goods from a Colorado warehouse and delivered them to Colorado stores was "engaged in interstate commerce" under the Federal Arbitration Act because the goods were transported in a "continuous carriage" from outside Colorado. *Slip op.* at 1-4.  A long line of precedent under the Commerce Clause supports the holding that an "intrastate leg of an interstate journey" constitutes interstate commerce. *Id.* at 3, 5-6.

That holding is applicable to the Pipeline Safety Act.  As with the Arbitration Act, the Pipeline Safety Act applies to transportation in "interstate … commerce."  49 U.S.C. § 60101(7).  The holding is also applicable to the Santa Ynez pipeline.  The driver from *Flowers Foods* represents pipeline segments 324/325, Butterscotch Krimpets are the crude oil, and the warehouse is the Las

Flores Canyon facility. *See slip op.* 2, 4-5 (illustrating with a Krimpets hypothetical). This case is even easier because Sable owns the entire Santa Ynez pipeline and operates it as an integrated system to transport oil across state lines. U.S. Br. 7-10.

This refutes Petitioners' argument that the Las Flores Canyon facility breaks the chain of "continuous carriage" from federal waters offshore to Pentland, California. Just like the warehouse in *Flowers Foods*, the Las Flores Canyon facility is a way-station that facilitates interstate transportation. The warehouse facilitates interstate transportation by acting as a transportation hub. Las Flores facilitates transportation by treating the crude oil so it doesn't corrode the pipeline. Thus, just like the driver in *Flowers Foods*, lines 324/325 are engaged in interstate commerce.

Finally, exclusions in the Pipeline Safety Act for "production, refining, or manufacturing" are inapplicable because Las Flores does not produce, refine, or manufacture crude oil. Even if those activities were conducted at Las Flores, it would not mean pipeline segments 324/325 are intrastate. It would just mean the parts of the facility that conduct those activities are not regulated by PHMSA. 49 U.S.C. § 60101(a)(22)(B).

Sincerely,

*/s/ Matthew R. Oakes*

Matthew R. Oakes
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3129
matthew.oakes@usdoj.gov

Counsel for Federal Appellants
cc: Counsel of record (via CM/ECF)

- 2 -

## CERTIFICATE OF COMPLIANCE

This letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) because, excluding the parts of the document exempted by Rule 32(f), the document contains 349 words.  This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the letter has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

*/s/ Matthew R. Oakes*
Matthew R. Oakes
Counsel for Federal Appellants